Doris G. NUTTELMAN, Plaintiff,

v.

CASE WESTERN RESERVE UNIVERSI-
TY, et al., Defendants.

Civ. A. No. C80–508.

United States District Court,
N.D. Ohio, E.D.

July 13, 1981.

John H. Gibbon, Walter, Haverfield,
Buescher & Chockley, Cleveland, Ohio, for
plaintiff.

Earl M. Leiken, Cleveland, Ohio, for de-
fendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is defendants'
Motion for Summary Judgment. Upon con-
sideration of the briefs, answers to inter-
rogatories, affidavits, and for the reasons
set forth below, defendants' Motion is
granted. Defendants' request for attor-
ney's fees is denied.

Plaintiff Ms. Nuttelman is a resident of
Massachusetts and a former student in the
School of Graduate Studies at Case Western
Reserve University. She sought, and was
denied, admission to candidacy for its Ph.D.
degree in Nursing. In addition to Case
Western, a private, non-profit corporation
incorporated in Ohio, the other defendants
are Dr. Ruth Anderson, Assistant Dean for
the Graduate Program of the School of
Nursing; and Dr. Rosemary Rich and Dr.
Benita Martocchio, both members of the
faculty of the School of Nursing. This
Court has jurisdiction pursuant to 28 U.S.C.
§ 1332.

This is a diversity action, sounding in contract and tort. Ms. Nuttelman seeks to have the defendant University reinstate her as a student in the School of Graduate Studies, admit her as a candidate for a Ph.D. degree in Nursing, and asks for compensatory and punitive damages. She makes no allegation of any constitutional violations by any of the defendants.[1]

Plaintiff advances several claims regarding the grading techniques and evaluation procedures used by the defendants, including claims that Assistant Dean Anderson failed properly to supervise the procedure for evaluating her examination, that defendants Rich and Martocchio were personally prejudiced against her, and that not only were these defendants aware of her identity at the time they evaluated her examination, but that they revealed her identity to the Faculty Committee when her examinations were presented to the Committee. Because the defendants did not use certain grading techniques and evaluation procedures suggested in plaintiff's Complaint, she alleges that the University breached its contract with her, which resulted in her not being admitted to the doctoral program. All of these claims are without merit.

The relevant facts are not disputed. A requirement for admission to candidacy for the Ph.D. degree in Nursing from the defendant University is the successful completion of a written candidacy examination. Questions for the written candidacy examination were selected by defendants Rich and Martocchio from a pool of questions that had previously been prepared for use in the candidacy examination for the Ph.D. degree in Nursing. The questions were then submitted to the Faculty of the School of Nursing for comments, and were subsequently revised by defendants Rich and Martocchio after receiving the comments from the Faculty. The written candidacy examination consists of three major parts:

a clinical paper, a section on general knowledge, and a section on research methodology. Students are required to pass each of the three major sections before being admitted to candidacy. In January 1979, Ms. Nuttelman took the written candidacy examination. She passed the section on general knowledge, but failed the section dealing with general research methodology. She also failed the clinical paper, but after a rewrite successfully completed that section of the examination. In June 1979, she retook the general research methodology section but failed this section again. Both the January and June examinations were evaluated separately by defendants Rich and Martocchio, who then compiled their evaluations and made an overall recommendation to the Faculty of the School of Nursing. Defendants Rich and Martocchio recommended that plaintiff be failed on the January examination and again on the June examination.[2]

Moreover, it is undisputed that Ms. Nuttelman was given the opportunity to take the research portion of the candidacy examination for a third time, but declined to do so. Consequently, she was not admitted to candidacy for the Ph.D. degree in Nursing, and was terminated as a student at defendant University.

 There is a traditional distinction between the court's role in reviewing disciplinary actions by educational institutions, and the court's role in reviewing their academic decisions. In the case of disciplinary actions, the due process requirements of notice and hearing may be applicable. However, in cases involving academic decisions, colleges and universities are not subject to the supervision or review of the courts to ensure the uniform application of their academic standards. *Mahavongsanan v. Hall*, 529 F.2d 448 (5th Cir.1976). The decision whether to dismiss a student for academic reasons requires expert evaluation of cumulative information with which

---

1. There is no issue of discrimination based on race, sex, or age. Plaintiff and all of the individual defendants are white females; the record makes no reference to their ages.

2. Each student taking the written candidacy examination was assigned a test number, by the Assistant Dean, which was used to identify the student's examination.

courts are not equipped to deal; therefore, judicial intervention is not appropriate unless there is a challenge that the action on the part of the educational institution was arbitrary and capricious. *Board of Curators of the University of Missouri v. Horowitz,* 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978). Plaintiff has made no showing that the actions of the defendants in this case were in any way arbitrary or capricious. Neither has there been any showing of bad motive or ill will by the defendants which would warrant this Court's reviewing academic records based upon academic standards that are within the peculiar knowledge, experience, and expertise of the academicians. See *Gasper v. Burton,* 513 F.2d 843 (10th Cir.1975).

Plaintiff's allegation that the defendant University breached its contract with her is without merit:

> ... because of the wide latitude and discretion afforded by the courts to educational institutions in framing their academic degree requirements .... Implicit in the student's contract with the university upon matriculation is the student's agreement to comply with the university's rules and regulations, which the university clearly is entitled to modify so as to properly exercise its educational responsibility ... *Mahavongsanan v. Hall,* 529 F.2d 448, at 450 (5th Cir.1976).

Having construed the evidence presented in a light most favorable to the plaintiff, the Court finds that there are no genuine issues of any material fact, and that defendants are entitled to judgment as a matter of law. Therefore, defendants' Motion for Summary Judgment is granted; however, defendants' request for attorney's fees is denied.

IT IS SO ORDERED.